

FILED

MAR 13 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DEWAYNE KELLAMES, | ) | CV 07-14-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, et al., | ) | |
| Defendants. | ) | |

Plaintiff Kellames, a state prisoner proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 alleging denial of due process when he was reclassified at the Montana State Prison. Plaintiff Kellames allegedly took part in hobby transactions that resulted in the introduction of contraband into the prison. The discipline imposed included reclassification to Administrative Segregation for six months, loss of Kellames' position as an Inmate Welfare Fund Representative, loss of hobby privileges, and ultimately Kellames' transfer to Crossroads Correctional Center.

Kellames alleges he was denied due process because he was not served with a disciplinary write-up and was not given an opportunity to be heard.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for failure to state a claim upon which relief can be granted. Judge Strong explained that a plaintiff alleging due process violation must show (1) a protected liberty interest, and (2) that he was deprived of that interest without due process. Judge Strong concluded that Plaintiff Kellames does not have a liberty interest as defined in Sandin v. Conner, 515 U.S. 472, 483-84 (1995), because his punishments do not affect his sentence in an unexpected manner, nor do they impose a significant hardship in relation to ordinary prison life. Moreover, Judge Strong found that even if Kellames could show a liberty interest, he received all the process that was due to him.

Plaintiff Kellames did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and

Recommendation for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." <u>United States v. Syrax</u>, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's Findings and Recommendations (Doc. No. 9) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

IT IS FURTHER ORDERED that Plaintiff Kellames' filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g). The Court hereby certifies pursuant to Fed. R. App. P. 24(3)(1) that any appeal of this decision would not be taken in good faith.

DATED this 13th day of March, 2008.

Donald W. Molloy, District Judge
United States District Court